UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrance Eugene Harley, #338391, | ) | C/A No. 4:13-912-DCN-TER |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections;<br>Kirkland R&E Center;<br>Monica Wallace;<br>Timothy Riley, Warden, Tyger River Correctional Institution, | ) | |
| Defendants. | ) | |

The plaintiff, Terrance Eugene Harley (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants, *inter alia*, a governmental entity and its employees.[2] The complaint should be dismissed because Plaintiff fails to state a claim upon which relief can be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

According to the Amended Complaint (ECF No. 24-1 at 3), on May 16, 2011, Plaintiff was an inmate at another SCDC facility, Tyger River Correctional Institution. Plaintiff states that, upon release from SMU[3], he was placed in an ME2 unit rather than an MI2 unit, which matched his classification. After being in the unit approximately forty-five minutes, he was attacked by three other inmates, causing severe injuries. Plaintiff alleges that, after he regained his sight, he wrote a grievance, and also wrote to Defendant Warden Timothy Riley. Plaintiff adds that his grievance was denied and he never received a response from Defendant Riley. Plaintiff contends, "It is a breach of security when an MI2 inmate is housed with closed custody inmates or inmate[s] that are classified level three." (*Id.*) He asks this Court to award him monetary damages.

Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state

---

[3] The SMU (special management unit) is a specialized housing unit maintained by SCDC "for prisoners requiring greater monitoring and supervision than the general prison population." *Smith v. Ozmint*, 578 F.3d 246, 248 (4th Cir. 2009).

law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980).

1. *South Carolina Department of Corrections*

Plaintiff names SCDC as a defendant, but SCDC is immune from suit for damages pursuant to 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as SCDC, a state agency or department. Similarly, in as much as Plaintiff is suing the individual Defendants in their official capacity as a representative of SCDC, they are also immune from suit under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (defendant sued in official capacity is suit against the official's office, so no different from suit against state itself; state official can only be sued in individual capacity under § 1983). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see also Alden v. Maine*, 527 U.S. 706, 728–29 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State School & Hospital*, a State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). Accordingly, Defendant SCDC, and the individual Defendants in their official capacity, are immune from suit, and SCDC should be dismissed as a party defendant.

2. *Kirkland R&E Center*

This Defendant is also subject to summary dismissal as it is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. Inanimate objects, such as buildings, facilities, and grounds, do not act under color of state law. Hence, the Kirkland R&E Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. Calif. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases).

3. *Monica Wallace*

Plaintiff appears to allege that Defendant Monica Wallace was responsible for his injuries by allowing his move into a unit beyond his classification level. No liberty interest is created in custodial classifications. Meachum v. Fano, 427 U.S. 215, 225 (1976). To the extent Plaintiff alleges that Wallace was indifferent to his risk of harm, the claim should be denied. The Supreme Court recognized that punishment prohibited by the Constitution does not result from negligence on the part of prison officials. The Supreme Court stated this principle and established the appropriate standard in *Whitley v. Albers*, 475 U.S. 312 (1986):

> To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

*Id.* at 319. Based on this precedent, the issue is whether an inmate who has suffered injury has alleged and offered evidence that the prison officials "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987).

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court defined "deliberate indifference" in the context of the liability of physical injury to an inmate. In analyzing case law, the court concluded that deliberate indifference must be something more than mere negligence, but less purposeful or knowing conduct: "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The obduracy and wantonness standard applies to prison officials in supervisory positions as well as to guards and corrections officers who deal with inmates directly. Thus, a supervisor must know of a specific risk or be aware of a pervasive risk of harm and act "wantonly, obdurately, or with deliberate indifference to [that] pervasive risk of harm" *Moore v. Winebrenner*, 927 F.2d 1312, 1315 (4th Cir.), *cert. denied*, 502 U.S. 828 (1991).

Plaintiff fails to make a showing that Defendant Wallace wantonly and obdurately failed to take precautions for his safety or showed deliberate indifference to a specific known risk of harm, or that she was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and then also drew the inference. *Farmer, supra; Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("A defendant is not subjectively reckless where, although he is aware of the existence of a general risk, he is unaware that his conduct is inappropriate in light of that risk. True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk.").

Assuming this Defendant's actions were indicative of negligence, a showing of mere negligence will not meet the deliberate indifference standard. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Neither the Fourteenth Amendment Due Process Clause, *Davidson v. Cannon*, 474 U.S. 344, 347 (1986), nor the Eighth Amendment, *Moore v. Winebrenner*, 927 F.2d 1312, is violated

by negligent failure to protect inmates from violence.  Thus, the undersigned recommends that this claim be dismissed as to Defendant Wallace.

4. *Warden Timothy Riley*

As to Defendant Riley, Plaintiff appears only to complain that the Warden never responded to his grievance.  However, inmates have no constitutionally protected right to a grievance procedure.  *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248, at *2 (4th Cir.  Mar. 17, 2011); *see also Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va.2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").  Therefore, Plaintiff's claims against Defendant Riley for failure to respond to Plaintiff's grievance is not cognizable under 42 U.S.C. § 1983.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 5, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).